IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTHONY MASSIMILLA,                          07-CV-198-BR

          Plaintiff,                         OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

          Defendant.


TIM WILBORN
Wilborn Law Office, PC
19093 S. Beavercreek Road
PMB #314
Oregon City, OR 97045
(503) 632-1120

          Attorney for Plaintiff

KAREN J. IMMERGUT
United States Attorney
BRITANNIA I. HOBBS
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204-2902
(503) 727-1053

1 - OPINION AND ORDER

**MICHAEL MCGAUGHRAN**
Office of the General Counsel
**RICHARD M. RODRIGUEZ**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue
Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-3748

       Attorneys for Defendant


**BROWN, Judge.**

       Plaintiff Anthony Massimilla seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Disability Insurance Benefits (DIB) payments under Title II of the Social Security Act.  Plaintiff seeks an order reversing the decision of the Commissioner and remanding this action for an award of benefits.

       This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Following a careful review of the record, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the calculation and award of benefits.


### <u>ADMINISTRATIVE HISTORY</u>

       Plaintiff filed his application for DIB on November 7, 1998,

2 - OPINION AND ORDER

alleging a disability onset date of November 20, 1996.  Tr. 96.[1]
The application was denied initially and on reconsideration.
Tr. 58.  An Administrative Law Judge (ALJ) held a hearing on
September 15, 1999.  At the hearing, Plaintiff was represented by
an attorney.  Plaintiff, a lay witness, and a vocational expert
(VE) testified at the hearing.  Tr. 17-57.

The ALJ issued a decision on October 27, 1999, in which he
found Plaintiff was not disabled before his September 30, 1999,
date last insured.  Tr. 509-25.  On March 30, 2001, the Appeals
Council denied Plaintiff's request for review.  Tr. 7-8.  On
April 13, 2001, Plaintiff filed a Complaint for judicial review
with this Court.

On February 15, 2002, the Honorable Malcolm F. Marsh issued
an Opinion and Order reversing and remanding the ALJ's
October 27, 1999, decision on the grounds that the ALJ erred
because (1) he failed "to relate any of these objective factors
to any specific medical opinions and findings" when he rejected
the opinion of Daniel J. Constien, M.D.; (2) he did not provide
legally sufficient reasons for rejecting Plaintiff's testimony;
and (3) he did not provide legally sufficient reasons for
rejecting the lay-witness testimony of Plaintiff's wife, Janet
Massimilla.  Tr. 526-35.  Judge Marsh concluded, however, even if

---

[1] Citations to the official transcript of record filed by
the Commissioner on July 3, 2007, are referred to as "Tr."

the ALJ credited Dr. Constien's opinion and Plaintiff's testimony
as true, the record does not establish Plaintiff is disabled
within the meaning of the Social Security Act.  Judge Marsh noted
when the ALJ asked the VE whether a person who needed to lie down
several times during the day would be capable of competitive
work, the VE responded it would be "very problematic because it
typically removes one from the workplace."  Tr. 531, 533.
Because the VE did not make clear whether such a person would be
precluded from all employment, Judge Marsh directed the ALJ to
develop this issue on remand.  Tr. 531.  On April 25, 2002, the
Appeals Council issued an order remanding the case to the ALJ for
proceedings consistent with the Court's order.  Tr. 536-37.

     The ALJ held a hearing on remand on November 5, 2002.
Tr. 649-72.  At the hearing, Plaintiff and a VE testified.  Janet
Massimilla did not testify.  On February 18, 2003, the ALJ issued
a decision in which he found Plaintiff was not disabled before
his September 30, 1999, date last insured.  The ALJ's decision
became the final decision of the Commissioner on December 11,
2006, when the Appeals Council denied Plaintiff's request for
review.  Tr. 455-56.


## BACKGROUND

     Plaintiff was born on February 10, 1958; was 41 years old at
the time of the first hearing and on September 30, 1999, the date

4 - OPINION AND ORDER

his insured status expired; and was 44 years old at the time of the second hearing.  Tr. 85, 522.  Plaintiff completed high school.  Tr. 85.  Plaintiff has past relevant work experience as a farm worker, mechanic, and inspection worker.  Tr. 85.

Plaintiff alleges disability due to back surgery, a ruptured disc, low- and mid-back pain, a damaged left knee, nerve damage, left leg pain, a speech problem, a right shoulder problem, headaches, hearing problems, depression, and high blood pressure. Tr. 84.

On remand, the ALJ acknowledged Plaintiff has the severe impairments of chronic low-back pain status post-laminectomy and left knee pain status post-crush injury.  Tr. 511.  The ALJ concluded the remainder of Plaintiff's alleged conditions were not severe.  Tr. 511-12.

The ALJ denied benefits on the ground that Plaintiff retains the residual functional capacity (RFC) to perform a range of jobs that exist in significant numbers in the national economy such as cashier, small-products assembler, and electronics assembler. Tr. 522-23.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence on remand.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence on remand.  *See* Tr. 513-14, 516-18.

5 - OPINION AND ORDER

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of developing the record. *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.

2001).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Robbins,* 466 F.3d at 882.  The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation.  *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## **DISABILITY ANALYSIS**

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  *See also* 20 C.F.R. § 404.1520.  Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  *See also* 20 C.F.R. § 404.1520(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 404.1520(a)(4)(ii).

In Step Three, the claimant is disabled if the Commis-
sioner determines the claimant's impairments meet or equal
one of a number of listed impairments that the Commissioner
acknowledges are so severe as to preclude substantial gainful
activity. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R.
§ 404.1520(a)(4)(iii).  The criteria for the listed impairments,
known as Listings, are enumerated in 20 C.F.R. part 404,
subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must
assess the claimant's residual functional capacity (RFC).  The
claimant's RFC is an assessment of the sustained, work-related
physical and mental activities the claimant can still do on a
regular and continuing basis despite his limitations.  20 C.F.R.
§ 404.1520(e).  *See also* Soc. Sec. Ruling (SSR) 96-8p.  A
'regular and continuing basis' means 8 hours a day, for 5 days a
week, or an equivalent schedule."  SSR 96-8p, at *1.  In other
words, the Social Security Act does not require complete
incapacity to be disabled. *Smolen v. Chater*, 80 F.3d 1273, 1284
n.7 (9th Cir. 1996).  The assessment of a claimant's RFC is at
the heart of Steps Four and Five of the sequential analysis
engaged in by the ALJ when determining whether a claimant can
still work despite severe medical impairments.  An improper
evaluation of the claimant's ability to perform specific work-
related functions "could make the difference between a finding of

8 - OPINION AND ORDER

'disabled' and 'not disabled.'"  SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 404.1520(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 404.1520(a)(4)(v).  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).


## **ALJ'S FINDINGS**

At Step One, the ALJ found Plaintiff did not engage in substantial gainful activity from November 20, 1996, through September 30, 1999, the date on which his disability insured status expired.  Tr. 523.

At Step Two, the ALJ found Plaintiff has severe impairments

of chronic low-back pain status post-laminectomy and left knee
pain status post-crush injury.  Tr. 511.

At Step Three, the ALJ concluded Plaintiff's impairments do
not meet or equal the criteria for any Listed Impairment from 20
C.F.R. part 404, subpart P, appendix 1.  The ALJ assessed
Plaintiff's RFC as of September 30, 1999, and found Plaintiff was
able to stand and to walk for four hours of an eight-hour work
day; to sit for six hours in an eight-hour workday; to stand or
to walk for 30 to 45 minutes at a time, and then sit for 5 to 10
minutes.  Tr. 524.  The ALJ also found Plaintiff needed to change
positions every 30 to 45 minutes and to sit or to stand at will.
Tr. 524.  Finally, the ALJ found Plaintiff was precluded from
work that requires repeated bending, stooping, or squatting.
Tr. 524.

At Step Four, the ALJ found Plaintiff was not able to
perform his past relevant work.  Tr. 524.

At Step Five, the ALJ found Plaintiff was capable of working
in occupations that existed in significant numbers in the local
and national economies on or before September 30, 1999.  Tr. 524.
Accordingly, the ALJ found Plaintiff was not disabled as of
September 30, 1999, his last date insured, and, therefore,
Plaintiff is not entitled to benefits.  Tr. 525.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) improperly rejected Plaintiff's testimony; (2) improperly rejected lay-witness testimony; (3) improperly rejected the opinion of Dr. Constien, treating physician; and (4) posed an incomplete hypothetical to the VE.

**I.    The ALJ improperly rejected Plaintiff's testimony.**

Plaintiff alleges the ALJ erred when he failed to give clear and convincing reasons for rejecting Plaintiff's testimony.

In *Cotton v. Bowen,* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and he must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is

not credible are insufficient.  *Id*.  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*. (quoting *Lester*, 81 F.3d at 834).

The ALJ found Plaintiff produced objective medical evidence of the severe impairments of chronic low-back pain status post-laminectomy and left knee pain status post-crush injury.  The ALJ, however, found Plaintiff's testimony about the intensity and limiting effects of his symptoms on or before September 30, 1999, was not entirely credible.

To support his conclusion, the ALJ notes Plaintiff reported to a doctor in September 1998 that he was working in his yard pulling up plants when he contracted a rash.  Tr. 519, 303.  In addition, Janet Massimilla reported in December 1998 that Plaintiff took walks to the park, grocery shopped once per week, exercised in the pool daily, played cards occasionally, did small home repairs, read books, and telephoned friends and family.  Tr. 146-47, 519.  In August 1999, Plaintiff reported he was able to sit for five hours per day and to stand or to walk for a total of six hours per day.  Tr. 368-69, 519.  Plaintiff also reported he watched his 16-year-old son, talked on the telephone, read daily, and drove three times per day.  Tr. 369.

With respect to the medical evidence, the ALJ noted Michael E. Wilson, D.O., reported in a February 20, 1999, consultative examination that Plaintiff was able to walk normally and to get

12 - OPINION AND ORDER

up and down from the examination table without difficulty.

Tr. 516, 291.  Dr. Wilson reported:

> Examination of [Plaintiff's] lower extremities
> show full active range of motion at the hips in
> flexion, extension, internal and external
> rotation, abduction, and adduction.  Examination
> of [Plaintiff's] knees shows full active range of
> motion in flexion and extension.

Tr. 291.  Dr. Wilson found there was "LCL laxity" on the left

knee but none on the right knee, and Plaintiff had full active

range of motion at the ankles.  Tr. 291.  Dr. Wilson also noted

Plaintiff was "fully able to reach, hold, grasp, manipulate,

rise, stand, and walk from a seated position."    Tr. 292.  Dr.

Wilson opined, however, "the pain that [Plaintiff] reports in

terms of his back is consistent with objective findings. . . .

In terms of his knee, he complains of constant aching and his

left lateral collateral ligament is lax, whereas his right is not

and this is consistent with [Plaintiff's] subjective complaints."

Tr. 292.  Even though Dr. Wilson noted Plaintiff had a full range

of motion in a number of areas, he also opined, as noted, that

Plaintiff's complaints of pain were consistent with the objective

medical evidence.

    The ALJ pointed out that Plaintiff sought little medical

treatment from December 1995 through February 1998, but the

record reflects Plaintiff often could not afford medications or

frequent doctors visits.  If a claimant cannot afford treatment,

his failure to obtain medical treatment cannot be a basis for

13 - OPINION AND ORDER

discrediting his testimony. *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995). *See also Dover v. Bowen*, 784 F.2d 335, 337 (8th Cir. 1986).

The ALJ notes a report from Dr. Constien placed Plaintiff at the medium level of exertion for a regular eight-hour work day with minimal restrictions. Tr. 516, 305. In that report, however, Dr. Constien also noted Plaintiff would have to use Vicodin occasionally for pain and that "would limit options for work." Tr. 305. In addition, Dr. Constien opined in a report dated April 14, 1999, that Plaintiff would "experience substantial difficulty with stamina, pain, or fatigue" if he was working full time even at the light or sedentary levels of exertion. Tr. 362. Dr. Constien specifically noted Plaintiff was not a malingerer. Tr. 362.

The Court finds the ALJ did not provide clear and convincing reasons for rejecting Plaintiff's testimony. Taking the record as a whole, the Court finds Plaintiff provided objective medical evidence of impairment and established the impairment or combination of impairments could reasonably be expected to produce some degree of symptoms. As noted, Dr. Wilson opined the objective medical evidence regarding Plaintiff's back and knee issues was consistent with Plaintiff's subjective complaints of pain, and Dr. Constien found similar limitations.

Accordingly, the Court concludes the ALJ erred when he rejected Plaintiff's testimony without providing legally sufficient reasons supported by the record for doing so.

**II.  The ALJ erred when he rejected Dr. Constien's opinion.**

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas*, 278 F.3d at 957 (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it.  *Thomas*, 278 F.3d at 957.  *See also Lester*, 81 F.3d at 830-32.

A nonexamining physician is one who neither examines nor treats the claimant.  *Lester*, 81 F.3d at 830.  "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."  *Id.* at 831.  When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate his reasons for doing so.  *See, e.g., Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999).  A nonexamining

physician's opinion can constitute substantial evidence if it is supported by other evidence in the record.  *Id.* at 600.

The ALJ rejected only the portion of Dr. Constien's March 1999 opinion in which he opined Plaintiff would need to lie down four times per shift at unpredictable intervals.  Tr. 520, 303. The ALJ noted there is not any evidence that Dr. Constien performed a full physical examination of Plaintiff and, therefore, the ALJ found Dr. Constien based his opinion as to these limitations on Plaintiff's subjective complaints rather than objective findings.  Tr. 520.

The Court, however, has concluded the ALJ improperly rejected Plaintiff's testimony about his subjective complaints. In addition, Dr. Constien's opinion regarding Plaintiff's need to lie down as needed throughout the day was noted while Dr. Constien was Plaintiff's treating physician between 1991 and Plaintiff's date last insured.  Thus, Dr. Constien's opinion is entitled to substantial weight.  Moreover, Dr. Constien's opinion regarding Plaintiff's need to lie down is not contradicted by another treating or examining physician.

The Court, therefore, concludes the ALJ did not provide clear and convincing reasons supported by the record for rejecting the opinion of Dr. Constien that Plaintiff must lie down as needed throughout the day.

Based on this record, the Court credits Plaintiff's

16 - OPINION AND ORDER

testimony and Dr. Constien's opinion.

At the hearing, the ALJ posed a hypothetical to the VE that included a person's need to lie down four times per day at unpredictable intervals rather than during normal work breaks. The VE opined such an individual would not be "competitively employable."

In light of Plaintiff's testimony, the medical evidence, the VE's testimony, and the record as a whole, the Court finds Plaintiff does not have a sufficient RFC to sustain work-related activities on a regular and continuing basis as required by SSR 96-8p.  Accordingly, the Court concludes Plaintiff is disabled.

**III. This matter should be remanded for payment of benefits.**

The decision whether to remand this case for further proceedings or for the payment of benefits is a decision within the discretion of the court and generally turns on the likely utility of further proceedings.  *Harman v. Apfel*, 211 F.3d 1172, 1178-79 (9th Cir. 2000).

The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose."  *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed."  *Harman*, 211 F.3d at 1178.  The

17 - OPINION AND ORDER

court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally
> sufficient reasons for rejecting such
> evidence, (2) there are no outstanding issues
> that must be resolved before a determination
> of disability can be made, and (3) it is
> clear from the record that the ALJ would be
> required to find the claimant disabled were
> such evidence credited.

*Id.*  The second and third prongs of the test often merge into a
single question:  Whether the ALJ would have to award benefits if
the case were remanded for further proceedings.  *Id.* at 1178 n.2.

Here the Court finds the record is complete regarding
Plaintiff's impairments.  The Court credited Dr. Constien's
opinion that Plaintiff would have to lie down four times during
the work day at irregular intervals, and the VE at the hearing
testified a claimant could not work on a regular and continuing
basis with an impairment that caused him to have to lie down four
times during the work day at irregular intervals.  Thus, the
Court concludes the ALJ would be required to find Plaintiff
disabled on remand, and, therefore, further proceedings would not
be useful.


## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the
Commissioner and **REMANDS** this matter pursuant to sentence four of

18 - OPINION AND ORDER

42 U.S.C. § 405(g) for the calculation and award of benefits.

IT IS SO ORDERED.

DATED this 25th day of January, 2008.


                                    /s/ Anna J. Brown

                                    _____
                                    ANNA J. BROWN
                                    United States District Judge

19 - OPINION AND ORDER